ENRIQUE ENRÍQUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Núm. 999.—*Sometido:* Junio 24, 1937.—*Resuelto:* Julio 31, 1937.

*José Sabater,* abogado del recurrente;

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El 7 de mayo de 1937 Enrique Enríquez y su esposa Zenaida Polanco comparecieron ante notario público y otorgaron un "acta sobre cancelación de inscripción por no existir el inmueble inscrito" que presentada para su inscripción en el registro, causó la siguiente nota:

"DENEGADO el documento que precede, por observar que la inscripción que se pretende cancelar fué verificada a virtud de mandamiento judicial, como consecuencia de una resolución de la Corte de Distrito de Mayagüez fechada en primero de mayo de 1935, en el expediente de dominio tramitado por Enrique Enríquez, y que según el título IV, párrafo 3 de la sección 6766 [1] de la vigente Ley Hipotecaria, de la constante jurisprudencia del Honorable Tribunal Supremo de Puerto Rico y de la dirección general de los Registros de España, es requisito indispensable para la cancelación de inscripciones o anotaciones hechas a virtud de mandamientos judiciales, que recaiga una providencia ejecutoria dictada por el Tribunal correspondiente, librándose el oportuno mandamiento, y teniendo en cuenta además que hecha una inscripción en el Registro queda bajo la salvaguardia de las Cortes de Justicia, únicas que tienen facultades para determinar en el correspondiente juicio la validez o nulidad de la misma, sin que pueda tal cuestión discutirse en el recurso gubernativo, . . . ."

No conforme Enríquez recurrió para ante este tribunal. Sostiene que según resulta del documento denegado tramitó un expediente de dominio de una finca de treinta cuerdas como radicadas una porción en el municipio de Las Marías y otra en el de Maricao y habiéndolo la corte declarado así, la inscripción se hizo de acuerdo con la ley en los libros correspondientes a dichos dos municipios, pero habiendo luego llegado a la convicción de que en realidad de verdad las catorce cuerdas de la finca que se describieron como situadas en el barrio Bucarabones de Maricao, perteneciente al Registro de la Propiedad de San Germán, no existían, creyó que su inscripción

---

[1] NOTA DEL REPÓRTER: Esta Sección es de la Compilación de 1911 y corresponde al Artículo 82 de la Ley Hipotecaria.

debía cancelarse a cuyo efecto otorgó el acta notarial y alega que la negativa del registrador se funda en la letra de la ley sin tomar en consideración su espíritu.

Los párrafos finales de su escrito dicen:

"En este caso concreto, la Corte aprobó el expediente de dominio en el cual se incluyó la finca que quedaba en el Municipio de Maricao, dentro del distrito hipotecario de San Germán y ya la Corte no tiene interés alguno, declaró el derecho de inscribir el dominio de esa parte de finca y quedó extraña a ella; y no hay necesidad de recurrir a la Corte para que expida un mandamiento de cancelación de esa inscripción, no existiendo el inmueble, porque no hay nadie que se perjudique, no existe el tercero y no hay persona alguna a quien citar para que se oponga o asienta a la cancelación de un derecho que sólo tiene el recurrente.

"Desde luego, que según explica Morell, no existiendo la finca, su inscripción puede quedar en el registro para siempre, porque nada significa ni a nadie perjudica; pero, en nuestro país, las inscripciones de fincas en el registro de la propiedad se comunican por los registradores al Tesorero de Puerto Rico con el objeto de fijar la contribución que debe pagar al Pueblo de Puerto Rico y se encuentra el recurrente con la situación de que han de imponerle contribución sobre una finca que no existe y que se ha constatado que no existe al procederse a incluir la finca en el catastro de contribuciones y por esa razón el recurrente ha tenido que solicitar la cancelación de su título."

No hay duda de que el medio más fácil y menos costoso es el seguido por el recurrente en este caso. Probablemente no se causaría perjuicio alguno si se accediera a la cancelación, pero creemos que la negativa se basa estrictamente en la ley y debe sostenerse.

Ordena el artículo 82 de la Ley Hipotecaria:

"Artículo 82.—Las inscripciones o anotaciones preventivas, hechas en virtud de escritura pública, no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de casación, o por otra escritura o documento auténtico, en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiese hecho la inscripción o anotación, o sus causahabientes o representantes legítimos.

"No obstante lo dispuesto en el párrafo anterior, las inscripciones o anotaciones a que el mismo se refiere, podrán cancelarse sin los requisitos expresados, cuando quede extinguido el derecho inscrito por declaración de la ley, o resulte así de la misma escritura inscrita.

"Las inscripciones o anotaciones hechas en virtud de mandamientos judiciales no se cancelarán sino por providencia ejecutoria que tenga las circunstancias prevenidas en el párrafo primero de este artículo."

. . . . . . . . ,,

La distinción que hace el legislador entre la cancelación de inscripciones hechas en virtud de escritura y las verificadas por mandamiento judicial es explícita. Para las últimas el medio único es la providencia judicial. Y se comprende que así sea. Si se acudió a la autoridad judicial para decretar la inscripción, lógico es que a ella se vuelva a acudir para ordenar su cancelación.

Fué ante la Corte de Distrito de Mayagüez en este caso concreto que el recurrente acudió para acreditar el dominio de su finca siguiendo el procedimiento marcado en el artículo 395 de la Ley Hipotecaria. A virtud de la alegación que se le hiciera, de la prueba que ante ella se practicara y del cumplimiento de los otros requisitos de ley, fué que la corte declaró justificado el dominio, constituyendo su providencia el título que sirvió de base a la inscripción. Lo consignado en el acta de cancelación envuelve una alteración de dicha providencia que sólo debe hacerse por el propio poder que la dictó una vez que se le convenza de que ésa es la justicia del caso.

La cita que hace el recurrente de la resolución de la Dirección General de los Registros de septiembre 22, 1893, tomándola de Galindo al efecto de que no es inscribible la cancelación ordenada en expedientes de jurisdicción voluntaria, no tiene el alcance general que parece dársele. Dicha resolución está reportada íntegra en el tomo que contiene las correspondientes a los años 1892–95, páginas 388 a 394. Seis

son sus considerandos. Bastará transcribir tres de ellos para ver que su alcance no es general, si que está circunscrito al caso que resuelve. Son así:

"Considerando que, sin prejuzgar la cuestión de preferencia que en la primera parte de la nota recurrida se plantea, es indudable que no puede ser resuelta en este expediente, así como no debió ser asunto de calificación, por ser la prelación de créditos de la exclusiva competencia de los Tribunales, y una vez establecida por éstos, no es lícito al Registrador alterarla, ya que de otra suerte llevaría su calificación hasta los mismos fundamentos de la providencia judicial, cosa que le está terminantemente prohibida:

"Considerando que la cancelación de que se trata en este recurso ha sido ordenada en autos de jurisdicción voluntaria incoados a instancia del Procurador de Doña Josefa Marqués después de terminado el aprecio administrativo:

.   .   .   .   .   .   .   .   .

"Considerando que admitir como buena la cancelación en cuestión equivaldría a reconocer que las hipotecas y cargas inscritas pueden extinguirse mediante providencia judicial obtenida en trámites de jurisdicción voluntaria contra el terminante precepto del artículo 83 de la Ley Hipotecaria, del que sólo hay una excepción, la que nace de los artículos 1490 y 1518 de la Ley de Enjuiciamiento, sin que haya introducido otra alguna la Instrucción de 12 de mayo de 1888:"

*Debe declararse sin lugar el recurso y confirmarse la nota recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.